UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| B.D. and BRIAN DUNKLEY,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOARD OF EDUCATION OF THE GREATER EGG HARBOR REGIONAL HIGH SCHOOL DISTRICT, CAROL HOUCK, STEVEN CICCARIELLO, JAMES REINA, SCOTT PARKER, and EDWARD OTTEPKA,<br><br>    Defendants. | Civil No. 14-7232 (NLH/KMW)<br><br>OPINION |

**APPEARANCES**:

WILLIAM A. RIBACK
WILLIAM RIBACK, LLC
132 HADDON AVENUE
HADDONFIELD, NJ 08033
    On behalf of plaintiffs

TIMOTHY R. BIEG
MICHAEL PAUL MADDEN
MADDEN & MADDEN
108 KINGS HIGHWAY EAST, SUITE 200
P.O. BOX 210
HADDONFIELD, NJ 08033-0389
    On behalf of defendants

**HILLMAN, District Judge**

    This case involves allegations by a high school student in the Greater Egg Harbor Regional High School District that he was discriminated and retaliated against because of his race and his exercise of free speech.  Presently before the Court is the

motion of defendants to dismiss plaintiffs' claims.  Also pending is plaintiffs' cross-motion for leave to amend their complaint.  For the reasons expressed below, defendants' motion will be granted, and plaintiffs' motion will be granted in part and denied in part.

## BACKGROUND[1]

On October 28, 2013, plaintiff, Bryshawn Dunkley,[2] was a student at Cedar Creek High School, which is part of the Greater Egg Harbor Regional High School District.  Plaintiffs claim that defendant Scott Parker, Vice-Principal of the high school, at the direction of defendants Steven Ciccariello, Superintendent, Carol Houck, Board of Education President, and James Reina, Principal, examined Bryshawn's out-of-school YouTube account, confronted Bryshawn about statements Bryshawn made on YouTube about a football teammate, and suspended him.  It is unclear how

---

[1] Defendants have moved to dismiss plaintiffs' current complaint, and in response, plaintiffs have moved for leave to file a second amended complaint.  Because the standard for assessing the viability of a complaint is the same as the standard for determining whether an amended complaint should be permitted, Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss), the Court will set forth the claims from the proposed second amended complaint.

[2] When plaintiffs' complaint was filed, Bryshawn was a minor, and his father, Brian Dunkley, lodged claims on Bryshawn's behalf in addition to his own.  Bryshawn has since turned 18, and is advancing his own claims.

2

long Bryshawn was suspended for this incident.

In what appears to be a separate incident, plaintiffs claim that Parker examined an "out-of-school, anonymous" Twitter account for which Bryshawn shared control. It appears that the Twitter account contained critical remarks about another student. Plaintiffs claim that Parker, at the direction of Ciccariello, Houck, and Reina, told the parents of the criticized student to press criminal charges against Bryshawn, even though the defendants knew that a Caucasian student – and not Bryshawn - was responsible for the comments. Plaintiffs claim that the parents of the criticized child called Bryshawn's father, plaintiff Brian Dunkley, and told him that they knew Bryshawn did not make those comments.

On February 21, 2014, plaintiffs claim that defendant Edward Ottepka, school resource officer at Cedar Creek High School, filed a formal juvenile complaint with the Atlantic County Prosecutor's Office through the Egg Harbor Township Police Department against Bryshawn for "repeated and anonymous offensive communications . . . against others in a manner that caused annoyance and alarm." Bryshawn was also suspended from school by Vice-Principal Parker for two weeks. Plaintiffs claim that Ottepka and Parker acted at the direction of Ciccariello, Houck, and Reina. Plaintiffs also claim that these discriminatory actions violated his First Amendment rights, and

3

were taken against Bryshawn because he is African American. Plaintiffs claim that Caucasian students have made YouTube and Twitter comments about other students, but they have not been charged.

Plaintiffs further claim that Bryshawn's suspension and the juvenile complaint filed against him were in retaliation for Mr. Dunkley's protected activity. In 2008, Mr. Dunkley filed a lawsuit against Egg Harbor Township Police Officer, and football coach, Michael Luko regarding an incident involving his other son. That lawsuit was settled, but Mr. Dunkley claims that Luko continued to harass him, resulting in Mr. Dunkley filing internal affairs charges. Specifically, Mr. Dunkley claims that on several occasions he was harassed by Egg Harbor Township police officers when he was running with school permission on the Cedar Creek High School track. Mr. Dunkley claims that he complained to Ciccariello and Reina but they either ignored him or treated him poorly. Mr. Dunkley claims that Bryshawn's suspension and juvenile charges were in retaliation for Mr. Dunkley filing a lawsuit and internal affairs complaints against Luko.[3]

To support plaintiffs' contention that Ciccariello, Houck,

---

[3] Plaintiffs' proposed amended complaint contained claims against Luko and Egg Harbor Township. These parties have recently resolved their claims, and Luko and Egg Harbor Township have been dismissed from the case. (See Docket No. 21.)

4

and Reina have demonstrated a pattern and practice of retaliating against people who exercise their right to free speech, plaintiffs relate that a parent who complained about Reina's school secretary – who allegedly was permitting students to drink alcohol at her home and brandish weapons, all of which was posted on social media websites - was rebuffed, and that Ciccariello, Houck, and Reina directed the school secretary to file unjustified criminal charges against the parent.

Based on these claims, plaintiffs advance the following counts in their proposed second amended complaint:

Count One – Violation of New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:6-1 et seq., against Ottepka and Parker because they filed a juvenile complaint and suspended Bryshawn due to his race.

Count Two – Violation of the First Amendment to the U.S. Constitution, the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2 ("NJCRA"), New Jersey Constitution, Article 1, Paragraph 6, against the Board of Education, Ciccariello, Houck, Reina, Parker, and Ottepka because they filed a juvenile complaint and suspended Bryshawn due to his protected speech on social media.

Count Four – Violation New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2 and the N.J.A.C. 16-7.5 against unspecified defendants because they filed a juvenile complaint and suspended Bryshawn for out-of-school conduct that did not

5

constitute a disruption at school, and the punishment was excessive.

Count Five - Violation of New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:6-1 et seq., against unspecified defendants because Brian Dunkley was not permitted to use public facilities because of his race.

Count Seven[4] - Violation of NJCRA and New Jersey Constitution, Article 1, Paragraph 6, against unspecified defendants because, in retaliation for Brian Dunkley complaining about being denied access to the public facilities and for Bryshawn Dunkley engaging in protected activity by using social media, the defendants suspended Bryshawn and pressed criminal charges against him.

Defendants have moved to dismiss plaintiffs' claims on several bases.  Plaintiffs have cross-moved for leave to file an amended complaint.

## DISCUSSION

**A.   Subject matter jurisdiction**

Plaintiffs have brought their claims for violations of the federal and New Jersey constitutions, as well as under New Jersey state law.  This Court has jurisdiction over plaintiffs'

---

[4] Plaintiffs' amended complaint contains a sixth and eighth count against Luko and Egg Harbor Township, but, as noted *supra* note 3, those claims have been resolved between the parties.

federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367.

**B.     Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks

7

"'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus:

8

'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

  A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment

9

motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**C.   Standard for Motion for Leave to Amend**

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities.  Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.  Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

**D.   Analysis**

After a review of the factual contentions and the relevant law, the Court concludes that the only claims in plaintiffs' proposed amended complaint that may proceed under the liberal amendments-to-pleadings standard are: (1) Bryshawn's claims against school resource officer Ottepka and Vice-Principal

10

Parker based on Bryshawn's allegations that the criminal charges and suspensions imposed by these defendants were due to his race, in retaliation for protected speech, in violation of the NJCRA,[5] and the state and federal constitutions' right to free speech;[6] and (2) Bryshawn's claims against the Board of Education

---

[5] "The NJCRA, enacted as L. 2004, c. 143, § 2, effective September 10, 2004, allows a party who has been deprived of any substantive due process, equal protection rights, privileges or immunities secured under either the Federal or State Constitutions to bring a civil action for damages and injunctive relief." McPeek v. Deputy Atty. Gen. of State, A-2181-07T3, 2008 WL 5273081, at *5 (N.J. Super. Ct. App. Div. Dec. 22, 2008) (citing N.J.S.A. 10:6-1, -2(c)).

[6] In relevant part, the First Amendment proclaims:  "Congress shall make no law . . . abridging the freedom of speech."  It guarantees "both the right to speak freely and the right to refrain from speaking at all." Wooley v. Maynard, 430 U.S. 705, 714 (1977).  In order to prove a First Amendment retaliation claim, a plaintiff must demonstrate two things: (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action. Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006) (citation omitted).  The first factor is a question of law; the second factor is a question of fact. Id. (citing Curinga v. City of Clairton, 357 F.3d 305, 310 (3d Cir. 2004)).

   Even though plaintiffs have not averred that their First Amendment claims were brought pursuant to 42 U.S.C. § 1983, the Court will consider that plaintiffs have done so.  See 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."); Memphis Community School Dist. v. Stachura, 477 U.S. 299, 305 (1986) (citations omitted) ("We have repeatedly noted that 42 U.S.C. § 1983 creates a species of tort

based on Bryshawn's allegations that the criminal charges and suspensions imposed by these defendants were in retaliation for his free speech under the First Amendment.[7]  Plaintiffs' NJLAD violation claims against Ottepka and Parker, all other claims against defendants Ciccariello, Houck, and Reina, and plaintiffs' claims lodged against unspecified defendants must be dismissed for failing to meet the Twombly/Iqbal pleading standard.

First, with regard to plaintiffs' NJLAD violation claims against Ottepka and Parker, even though the Board of Education, as these defendants' employer, may be liable for alleged NJLAD violations, see N.J.S.A. 10:5-12(a); Aguas v. State, 107 A.3d 1250, 1253 (N.J. 2015); Lehmann v. Toys R' Us, Inc., 626 A.2d 445 (N.J. 1993), plaintiffs do not assert a count for an alleged NJLAD violation against the Board of Education.  In order for an

---

liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution.").  Relatedly, the NJCRA is the state law analog to § 1983.  Chapman v. N.J., CIV. 08-4130(AET), 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009) (citation omitted) (explaining that the "NJCRA was intended to serve as an analog to § 1983; it was intended to incorporate and integrate seamlessly with existing civil rights jurisprudence).  Both the NJCRA and § 1983 require that the party sued be a "person" acting in their individual capacity, not in their official capacity.  Plaintiffs third amended complaint must be amended accordingly.

[7] Defendants did not specifically oppose plaintiffs' proposed amended complaint on these claims.

employee to be held liable under the NJLAD, the employer must be held liable.  Without an NJLAD claim against the Board, plaintiffs' NJLAD claim cannot stand against Ottepka and Parker. See Haddix v. Camden County Youth Detention Center, 2015 WL 3755023, 6 (D.N.J. 2015) (quoting Ivan v. County of Middlesex, 595 F. Supp. 2d 425, 463 (D.N.J. 2009) ("[F]or a defendant to be individually liable for aiding and abetting, the employer must also be liable under the LAD. It is not the act of discrimination but rather the failure in the employer's response that an aider and abettor is charged with assisting.")).

With regard to plaintiffs' claims against Steven Ciccariello, Superintendent, Carol Houck, Board of Education President, and James Reina, Principal of Cedar Brook High School, plaintiffs do not allege any specific conduct by any of these defendants, other than that these three defendants, collectively, "directed" Ottepka and Parker to act.  Plaintiffs' failure to plead each of these defendants' personal involvement in the alleged discrimination is instantly fatal to plaintiffs' NJLAD and First Amendment claims.  See Peace-Wickham v. Walls, 409 F. App'x at 512, 525 (3d Cir. 2010) (citing Baker v. Monroe Twp., 50 F.3d 1186, 1194 (3d Cir. 1995)) ("Claims that a supervisor participated in alleged discriminatory behavior must be supported by evidence of personal involvement by the supervisor, or evidence that the supervisor possessed actual

13

knowledge of the discriminatory behavior of others and acquiesced to their improper conduct."); Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990) (internal citation and quotations omitted) ("Supervisory liability cannot be based solely upon the doctrine of respondeat superior, but there must be some affirmative conduct by the supervisor that played a role in the discrimination. The necessary involvement can be shown in two ways, either through allegations of personal direction or of actual knowledge and acquiescence, or through proof of direct discrimination by the supervisor. The existence of an order or acquiescence leading to discrimination must be pled and proven with appropriate specificity."); Iqbal, 556 U.S. at 678-79 ("Where the claim is invidious discrimination in contravention of the First ... Amendment[ ], ... the plaintiff must plead ... that the defendant acted with discriminatory purpose."); Tarr v. Ciasulli, 853 A.2d 921, 928-29 (N.J. 2004) (explaining that even though the NJLAD prohibits "any person, whether an employer or an employee ... to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so," N.J.S.A 10:5-12(e), each of the words used in the statute "require active and purposeful conduct" by a defendant).

With regard to plaintiffs' New Jersey Constitution and NJCRA claims, plaintiffs allege that the conduct of Parker and Ottepka was "at the direction of" Ciccariello, Houck, and Reina.

This is to presumably evidence the Board of Education's policy and custom of discrimination and retaliation because *respondeat superior* liability is not permitted for claims under the New Jersey Constitution and the NJCRA.  See Ingram v. Township of Deptford, 911 F. Supp. 2d 289, 298 (D.N.J. 2012) (citations omitted) (explaining that because *respondeat superior* liability is not permitted under § 1983, and because New Jersey courts interpret the NJCRA as analogous to § 1983, *respondeat superior* liability is not permitted for claims under the New Jersey Constitution and the NJCRA); Bd. of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978)) (in order for municipal liability to attach a plaintiff must allege the municipality: (1) established a policy or custom that deprived Plaintiff of his constitutional rights; (2) acted deliberately and was the moving force behind the deprivation; and (3) his injury was caused by the identified policy or custom).

Thus, to advance claims for violations of the New Jersey Constitution and the NJCRA, a plaintiff must properly allege that the supervisory defendants maintained a policy or custom regarding the alleged discrimination.  See Ingram, 911 F. Supp. 2d at 298.  In this case, however, simply stating that Ciccariello, Houck, and Reina are policymakers who directed

subordinates to act, without more, is a bald assertion and legal conclusion insufficient to maintain a claim.  See, e.g., Iqbal, 556 U.S. at 681 (finding the plaintiff's claims to be an impermissible formulaic recitation of the elements of a constitutional discrimination claim when he pleaded that defendants "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest," and that Ashcroft was the "principal architect" of this invidious policy, and that Mueller was "instrumental" in adopting and executing it).  Moreover, plaintiffs' recitation of another parent's interaction with the school board defendants relating to the school board's secretary's conduct with other students does not provide plaintiffs' own policy and custom claims with the requisite specificity to be viable.  See Ingram, 911 F. Supp. 2d at 302 (citing Iqbal, 556 U.S. at 678) (dismissing policy and custom claim because the court "searches in vain for anything to tie together the present case and the [other incident of alleged wrongdoing] to consider them evidence of an established policy or custom").

Consequently, plaintiffs' claims against Ciccariello, Houck, and Reina must be dismissed under Twombly/Iqbal.  In the same vein, plaintiffs' conclusory discrimination and retaliation

16

claims against all "defendants" collectively must be dismissed under Twombly/Iqbal. Should discovery reveal facts to support plaintiffs' claims that any of these defendants specifically directed the other defendants to act, or that these defendants maintained a policy or custom regarding discriminatory and retaliatory measures, plaintiffs may seek leave to amend their complaint to reassert claims against any of these parties.

## CONCLUSION

For the reasons expressed above, plaintiffs' motion for leave to file an amended complaint will be granted as to the following claims: (1) Bryshawn Dunkley's claims against school resource officer Edward Ottepka and Vice-Principal Scott Parker for violations of the NJCRA, New Jersey Constitution, Article 1, Paragraph 6, and the First Amendment to the U.S. Constitution pursuant to § 1983; and (2) Bryshawn Dunkley's claims against the Board of Education for violations of the First Amendment to the U.S. Constitution pursuant to § 1983. All other claims and parties will be dismissed without prejudice. The remaining plaintiff, Bryshawn Dunkley, shall file a third amended complaint consistent with this Opinion.

An appropriate Order will be entered.

Date: July 23, 2015                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.